IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TONY R. HOWZE, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 21-cv-816-DWD |
| JEFFERIES,[1] | ) |
| Respondent. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Petitioner Tony R. Howze, an inmate in the custody of the Illinois Department of Corrections currently incarcerated at Pinckneyville Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 alleging that he is incarcerated due to a mandatory term of supervised release that violates his due process and equal protection rights.

This case is before the Court for preliminary review of the petition pursuant to Rule 4 of the FEDERAL RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS. Rule 4 directs the judge who receives a petition to promptly examine it, and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."

---

[1] Howze named Jefferies as the respondent in this action, but the proper respondent in a § 2254 action is the warden of the facility in which the petitioner is incarcerated. *See* Rule 2(a) of the FEDERAL RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS. Because Howze is incarcerated at Pinckneyville, David Mitchell, Warden of Pinckneyville Correctional Center, will be substituted for Jefferies as the respondent.

With respect to the allegations in Howze's petition, inmates incarcerated as a result of a state court judgment may pursue relief from an unconstitutional sentence, including an unconstitutional term of mandatory supervised release, by filing a § 2254 petition. While it is unclear whether Howze was required to raise his claims in earlier proceedings or in a more timely manner, it is not plainly apparent that he is not entitled to habeas relief, and, without commenting on the merits of the claims presented, the Court concludes that the petition survives preliminary review.

## Conclusion

For the above-stated reasons, David Mitchell, Warden of Pinckneyville Correctional Center, is substituted as Respondent in this action. Respondent Mitchell is **ORDERED** to answer or otherwise respond to the petition (Doc. 1) on or before October 20, 2021. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601, shall constitute sufficient service.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk of Court and Respondent informed of any change in his address during the pendency of this action. Notification of any changes of address must be made in writing and within 7 days of any transfer or other change in address. Petitioner is **WARNED** that failure to provide notice may result in dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**SO ORDERED.**

Dated: September 20, 2021

_____
DAVID W. DUGAN
United States District Judge