IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TONY R. HOWZE, S14477, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil No. 21-cv-816-DWD |
| | ) |
| DAVID MITCHELL, | ) |
| | ) |
| Respondent. | ) |

MEMORANDUM and ORDER[1]

**DUGAN, District Judge:**

On June 13, 2013, Tony R. Howze pleaded guilty to one count of criminal sexual assault, in violation of 720 ILCS 5/11-1.20(a)(2), in the Circuit Court of Sangamon County, Illinois. Pursuant to a plea agreement, he was sentenced to four years imprisonment, plus a mandatory supervised release ("MSR") term of three years to life. Howze did not appeal or collaterally attack the judgment of conviction or sentence.

Howze was released on MSR in 2016, only to have his MSR revoked in 2017 after pleading guilty to a drug charge. This cycle continued until Howze's most recent arrest and revocation in 2021. Howze filed the instant petition on July 16, 2021, asserting three grounds for relief. However, one of Howze's claims was unexhausted. Rather than dismiss the action in its entirety, Howze elected to pursue only his exhausted claims. The

---

[1] Respondent states that Melinda Eddy, the current warden at Taylorville Correctional Center, should be substituted as the respondent in this action. (Doc. 18, p. 1, n.1). Where a public officer who is a party in their official capacity ceases to hold that position while the action is pending, the officer's successor is automatically substituted as a party. Federal Rule of Civil Procedure 25(d). Accordingly, the Court **DIRECTS** the clerk to update the docket sheet to reflect that Melinda Eddy is substituted for David Mitchell.

Government has filed a response (Doc. 18). Howze was given an opportunity to reply but has failed to do so. Howze has also filed a motion for preliminary injunction (Doc. 19). For the reasons set forth below, the habeas petition will be dismissed with prejudice as untimely, and Howze's motion for preliminary injunction will be denied as moot.

### BACKGROUND

In June 2013, pursuant to a negotiated plea agreement, Howze pleaded guilty to one count of criminal sexual assault, in violation of 720 ILCS 5/11-1.20(a)(2), in the Circuit Court of Sangamon County, Illinois (Doc. 12-1, p. 7); the State dismissed all remaining charges. On June 13, 2013, Howze was sentenced to four years imprisonment, plus an MSR term of three years to life (Doc. 12-1, pp. 7-9).[2] Howze did not appeal or collaterally attack the judgment of conviction or sentence.

In 2016, Howze was released on MSR (Doc. 12-3, pp. 62-65). Prior to being released, he received and signed an MSR agreement, which detailed the conditions of his release. *Id*. In signing the agreement, Howze confirmed he understood that, while on MSR, he could not violate any Illinois criminal statute, could not possess or use narcotics, and was subject to GPS monitoring. *Id*. Additionally, Howze agreed to participate in and comply with the terms, conditions, and rules of the electronic detention and monitoring programs, including a condition that he remain at home during designated times and abide by a weekly movement schedule (Doc. 12-3, pp. 71-73).

---

[2] The written judgment and sentence were not signed until June 20, 2013 (Doc. 12-1, p. 9). Nonetheless, the judgment and sentence became final when pronounced by the trial court on June 13, 2013. *See People v. Bender*, 226 Ill. App. 3d 940, 942 (Ill. App. Ct. 1992) (explaining that "in a criminal case, the pronouncement of the sentence is the judicial act which comprises the judgment of the court" and "[t]he entry of the judgment order is a ministerial act and is merely evidence of the sentence").

As outlined in the State's briefing, over the ensuing years, Howze violated the terms of his MSR multiple times, resulting in repeated reincarceration. *See* Doc. 12-2, pp. 4-5 (Howze pleads guilty in 2017 to one count of manufacturing or delivery of a controlled substance and is sentenced to 3 years in prison); doc. 12-3, pp. 58-60 (MSR revoked for 2017 conviction); *id.* at 46 (released November 2019 and re-arrested March 2020); *id.* at 23 (released June 2020); *id.* at 19 (arrested October 2020); *id.* at 10 (released November 2020); Doc. 12-5 (arrested December 2020); doc. 12-3, p. 6 (released and re-arrested March 2021); *id.* at 2-4 (MSR revoked May 2021).

## PROCEDURAL HISTORY

In July 2021, Howze filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, raising the following grounds for relief:

**Ground 1**: He was denied due process during the 2021 revocation proceedings.
**Ground 2**: His MSR term violates the Eighth Amendment and the Equal Protection Clause.
**Ground 3**: The requirement that sex offenders be subject to GPS monitoring as a condition of MSR violates the Fourth Amendment.

Consistent with *Rose v. Lundy*, 455 U.S. 509 (1982) (requiring that mixed petitions be dismissed in their entirety), Respondent moved to dismiss the petition because Ground 1 (the claim that Howze was denied due process during the 2021 revocation proceedings) was not exhausted (Doc. 12). In response, Howze filed a motion seeking leave to amend, stating, in relevant part, as follows:

1. The petitioner in his original complaint named 3 counts against the respondents.
2. Petitioner now wishes to dismiss Count 1 as to his due process violation

      claim.
3. Petitioner wishes to continue on with Count 2 and Count 3 against the respondents.

(Doc. 13, p. 1). On December 14, 2021, after considering Howze's request, the Court dismissed Ground 1, and allowed Howze to proceed on his exhausted claims (Grounds 2 and 3). The Government has responded to the petition (Doc. 19), arguing that it must be dismissed because it is untimely or, in the alternative, because the claims are procedurally defaulted.

## APPLICABLE LAW

Howze's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act, known as the AEDPA. The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 122 S.Ct. 1843, 1849 (2002). The AEDPA contains a one-year period of limitation. The limitations period begins to run from the latest of:

    A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If a petitioner files his petition outside of the one-

year limitations period, his application is time-barred.

## ANALYSIS

Howze does not allege any state-created impediment to filing his claims or invoke a newly recognized and retroactively applicable constitutional right. *See* 28 U.S.C. § 2244(d)(1)(B), (C). Additionally, because Howze knew or should have known about the conditions of his MSR term at the time of sentencing, *see Villaneuva v. Anglin*, 719 F.3d 769, 774 (7th Cir. 2013) ("Regardless of when [petitioners] assert they learned of the MSR requirement, they could have learned of it on the day they were sentenced had they used due diligence."), his claims do not turn on a subsequently discovered factual predicate that could not have been discovered earlier. *See* 28 U.S.C. § 2244(d)(1)(D). As such, Howze's limitations clock began running when his judgment of conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A).

Here, Howze pled guilty on June 13, 2013. Under Illinois law, a defendant who pleads guilty has thirty days from the date of imposition of sentence to file a motion to withdraw the plea or a motion to reconsider the sentence. *See* Ill. Sup. Ct. R. 604(d). Howze filed neither. Thus, the date on which his judgment became final, and from which he had one year to file a habeas corpus petition, was July 15, 2013, when the time to seek direct review expired.

Because Howze did not file his federal habeas petition until July 16, 2021, he did not file it within the one-year limitations period under 28 U.S.C. § 2244(d)(1). Thus, the only way his petition may be considered timely is if he is entitled to equitable tolling. To be entitled to equitable tolling, a habeas corpus petitioner must show "(1) that he has been

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649. The doctrine is "reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing." *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014). The petitioner bears the burden of establishing his entitlement to equitable tolling. *See Taylor v. Michael*, 724 F.3d 806, 810 (7th Cir. 2013). Howze did not file a reply and has not argued that there is any basis for equitable tolling. Accordingly, the Court concludes that Howze's petition was not timely filed.[3]

Under 28 U.S.C. § 2253(c)(2), a petitioner may obtain a certificate of appealability only if he makes a substantial showing of the denial of a constitutional right. When, as in this case, a habeas corpus petition is dismissed on procedural grounds, a court should issue a certificate of appealability only if "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case the Court's determination that Howze's habeas corpus petition is time-barred is not fairly debatable.

## CONCLUSION

For these reasons, the Court denies Petitioner Tony R. Howze's application for a writ of habeas corpus under 28 U.S.C. § 2254 on the ground that the petition is time-barred under the one-year statute of limitations that applies under the Antiterrorism and Effective Death Penalty Act. The petition is therefore dismissed with prejudice, and all

---

[3] Because the Court finds that the petition is untimely, it need not address Respondent's arguments as to procedural default.

pending motions are denied as moot. The Court declines to certify any issue for appeal pursuant to 28 U.S.C. § 2253(c)(2) and directs the Clerk to enter judgment accordingly.

**SO ORDERED.**

Dated: June 1, 2022

_____
DAVID W. DUGAN
United States District Judge